IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CIVIL ACTION NO.  5:12-cv-04075

GERARD O'SHEA, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Astrid N. Dilullo's Motion to Dismiss* (Document 4), wherein Defendant Dilullo moves for her dismissal from this case on the ground that she is not a proper party to the action. Defendant Dilullo asserts that she has not had any involvement with the All About Beauty Trust except the establishment of the trust. She asserts that her "only known recorded association of the trust . . . was on the one page document that established the Nevada Common Law trust under the named title of Trustor, not Trustee" as Plaintiff alleges. (*Id*. at 1.) Additionally, Defendant Dilullo asserts that she has not: "met, conversed, corresponded or otherwise communicated with the other defendants in this case"; "received compensation, property, benefits or protections in the administration and usage of the [Trust]"; "had any responsibilities, advice or decisions be it financial, administrative, or otherwise in regards to [the Trust]"; or "participated in the running, usage or administration of the [Trust] as a trustee, manager, or ANY associated role [.]" (*Id*.) Consequently, she asks that the Complaint be dismissed as against her.

In response thereto, the United States asserts that Defendant Dilullo's motion is "nothing more than a denial of . . . allegations" that she is a trustee of the All About Beauty Trust.  (United States Response to Astrid N. Dilullo's Motion to Dismiss ("Pl.'s Opp'n") Document 12) at 1.)  Plaintiff asserts that Defendant Dilullo has failed to produce the trust documents she referenced in her motion or offer other evidence to support her contention.  (*Id*. at 2.)  Consequently, Plaintiff asserts that this Court must accept all factual allegations in its Complaint as true until Defendant Dilullo "comes forth with admissible evidence to the contrary." (*Id*.)  Plaintiff offers that if Defendant Dilullo "produces the trust documents in question, the United States is certainly willing to consider her claim that she is not the proper party[.]"  (*Id*.)

On February 15, 2013, this Court directed Defendant Dilullo to produce the trust documents referenced in her motion, or any other evidence that supports her contention that she is not a proper party in this action, by March 4, 2013.  (Order (Document 13) at 1).[1]  The United States was directed to file a response to such production within ten days.

On March 11, 2013, in a letter to the Court, Defendant Dilullo asserted that she is not "in possession of any documents as they relate to the trust." (Letter Form Response to Court (Document 33) at 1.)    She further asserts that she "just know[s]" what she signed and the role of Trustor that the document assigned to her.  (*Id*.)    She contends that her role was brief and temporary and fulfilled once the trust "was acquired by any other party."  (*Id*.)  She further contended that the only permanent record of the transaction is that of her "signature in the log of the Notary Public" and that she did not receive any documents naming "the eventual owner/parties

---

[1]   On the same day, the Court directed the Clerk of Court to enter default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, against Defendants Gerard O'Shea, Kathnell O'Shea, Kim J. O'Shea, Genesis Trust, and Grand K Trust for their failure to answer or defend this action in a timely manner.  (Amended Order (Document 15) at 1).

2

of the trust." (*Id*.)  Defendant Dilullo argues that the burden is on the Plaintiff to "produce the legally signed documents that purport [to include her] as a Trustee of [the] All About Beauty Trust and [that] outlines what roles and actions the Plaintiff claims [she] accepted . . . with regard[] to . . . [the] trust."  (*Id*.)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)"  (*Id.*)  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Additionally, allegations "must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1).  This pleading standard requires that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged."  (*Id.*)  The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." (*Id.*)  Rather, "[i]t requires [a party] to articulate

3

facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). Such "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]"– "that the pleader is entitled to relief." (*Id.*) (quoting Fed.R.Civ.P. 8(a)(2)).

The United States initiated this civil action (1) to obtain a judgment of the unpaid federal income taxes, interests and penalty assessments against Defendants Gerard O'Shea, Kathnell O'Shea, and All About Beauty Trust and (2) to foreclose upon federal tax liens against four parcels of land located in Greenbrier County, West Virginia. (Complaint (Document 1) at 2.) Plaintiff alleges that the O'Sheas and/or All About Beauty Trust has an ownership or other interest in various portions of these four parcels of land. Also named as Defendants in this matter are Kim J. O'Shea, Genesis Trust and Gand K Trust. (Compl. ¶¶ 11, 13 and 14). As stated above, Defendant Astrid Dilullo seeks to be dismissed from this case on the ground that she is not a trustee to the All About Beauty Trust. Plaintiff, in opposition, asserts only that it has named Defendant Dilullo as a trustee to the All About Beauty Trust and that this Court must accept as true all factual allegations contained in the Complaint, absent Defendant Dilullo's offer of evidence otherwise.

The Court has reviewed the Complaint and finds that Plaintiff alleges that Defendant All About Trust is "a purported trust *formed by* Mr. O'Shea and Mrs. O'Shea . . . and *operated from*

4

within the judicial district of this Court." (Compl. ¶ 12) (emphasis supplied).  There is no other reference to the creation of this Trust in the Compliant.[2]  Indeed, the only instance in which Defendant Dilullo is mentioned in the Complaint is in the case caption. There are no specific allegations that Defendant Dilullo is the trustee of the All About Beauty Trust or that she had any obligation, duty or responsibility to the Trust within the body of the complaint.   Defendant Dilullo has asserted that she was the Trustor of the Trust, not the Trustee.   In response, Plaintiff offers nothing to support its lone reference of Ms. Dilullo in its case caption as the Trustee.   Certainly, Plaintiff has not alleged any action or inaction taken by Defendant Dilullo as Trustee for the All About Beauty Trust.   Additionally, the Court has also reviewed the various documents attached to the Compliant and finds that none purport to be (1) a trust document for All About Beauty Trust or (2) any document establishing the connection of Defendant Dilullo to the Trust.   Consequently, the Court finds that Defendant Dilullo's motion to dismiss should be granted.

Upon consideration of the foregoing, the Court does hereby **ORDER** that *Defendant Astrid N. Dilullo's Motion to Dismiss* (Document 4) be **GRANTED**.   The Court **DIRECTS** the Clerk to dismiss Defendant Dilullo from this matter and send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     May 30, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[2]    Compared to allegations that the Genesis Trust and the Gand K Trust were "never formally established or created as a legal entity and is thus a sham trust." (Compl. ¶¶ 52, 64.)