IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                  CIVIL ACTION NO.   5:12-cv-04075

GERARD O'SHEA, et al.,

Defendants.

MEMORANDUM OPINION AND ORDER

The Court has reviewed the *First Amended Complaint for Federal Taxes* (Document 60),
the *Defendant O'Shea's Motion to Dismiss First Amended Complaint* (Document 61), the
accompanying *Memorandum in Support of Motion to Dismiss First Amended Complaint*
(Document 62), the *United States' Response to Defendants' Motion to Dismiss* (Document 63),
and the *Defendant O'Shea's Reply memorandum in Support of Motion to Dismiss First Amended
Complaint* (Document 64).

## I.     BACKGROUND AND PROCEDURAL HISTORY

The United States filed a *Complaint for Federal Taxes* (Document 1) on August 6, 2012, in
which it sought to "reduce to judgment the unpaid assessments of federal income taxes, interest,
and penalties…and to foreclose the corresponding federal tax liens against four parcels of real
property." (Compl. at 2.)  It named as defendants Gerard O'Shea, Kathnell O'Shea, the All

About Beauty Trust, Kim J. O'Shea, the Genesis Trust, and the Gand K Trust.[1]   The Defendants[2] moved to dismiss that complaint on May 29, 2013.   (Mot. to Dismiss & Mem. in Support) (Documents 39 & 40.)   Therein, Defendants Gerard and Kathnell O'Shea[3] asserted that this Court lacked jurisdiction to consider the United States' claims absent specific pleadings regarding statutory requirements for tax collection suits.   In the alternative, the Defendants argued that the United States had failed to set forth a legal basis for its alter-ego/nominee and sham trust allegations.   The Court issued a *Memorandum Opinion and Order* (Document 56) on October 3, 2013, finding that the Defendants' challenges to the Court's jurisdiction and to the sufficiency of the complaint lacked merit.

In its October *Memorandum Opinion and Order*, the Court set forth in detail the factual allegations and the procedural history up to that point.   The Court hereby incorporates that recitation of facts and procedure.   After the issuance of that opinion, the United States moved to amend its complaint, and, with leave of the Court, filed its *First Amended Complaint for Federal Taxes* (Document 60) on November 13, 2013.   The United States seeks to reduce unpaid federal tax liability assessments against Gerard O'Shea, Kathnell O'Shea, and the All About Beauty Trust to judgments pursuant to 26 U.S.C. §§ 7401 and 7403.   As of December 12, 2011, the United States alleges that Gerard, Kathnell, and the All About Beauty Trust are indebted in the amount of $329,534.96, $383,616.63, and $224,364.78, respectively.   For each of these claims, the United

---

1        Astid N. Dilullo was named as trustee of the All About Beauty Trust in the initial complaint, but was replaced by Gerard and Kathnell O'Shea following a motion to dismiss granted by the Court.   Gerard and Kathnell O'Shea are also named as trustees of the Genesis Trust, and Gerard, Kathnell, and Kim O'Shea are named as trustees of the Gand K Trust.

2        Because the Defendants are acting *pro se*, their pleadings will be accorded liberal construction.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

3        The Court observes that, as in the previous motion to dismiss, the O'Sheas have moved herein for the dismissal of this matter against them solely, not in their capacity as the trustees of the Defendant Trusts.   Therefore, this Memorandum Opinion and Order is limited to consideration of the claims against them.

States requests that the Court adjudge these Defendants indebted as alleged and award costs of prosecuting this matter and any other relief the Court deems proper.

The United States further alleges that as a result of the tax assessment made against Gerard and Kathnell O'Shea and the All About Beauty Trust, tax liens, in its favor, arose and "attached to all property and rights to property then owned or thereafter acquired" by these Defendants.  (Am. Compl., ¶¶ 37–39.)  In Counts Four through Six, the United States seeks to foreclose upon four parcels of land located in Greenbrier County, West Virginia, in which all of the Defendants allegedly possess an interest.  Parcels One, Two, and Four are deeded to the Genesis Trust. Parcel Two is deeded to the Gand K Trust.  The United States asserts that Gerard and Kathnell O'Shea occupy Parcel One as their principal personal residence.  The O'Sheas, or alternatively, the All About Beauty Trust, allegedly utilize Parcel Three as office space for their business.

Additionally, despite the purported ownership of the Defendant Trusts, the Government alleges that the O'Sheas enjoy all of the benefits of ownership of the parcels and that they have continued to pay the real estate taxes and expenses in maintaining the land.  Accordingly, the United States alleges that the Genesis Trust and the Gand K Trust hold their interest in the land as the nominee or alter ego for the O'Sheas or the All About Beauty Trust.   Alternatively, the United States alleges that these Trusts were never formally established or created as legal entities, and are sham trusts.   Given these allegations, the United States avers that Gerard and Kathnell O'Shea are the true legal and equitable owners of the land, and that the Genesis or Gand K Trusts have no interest in the parcels.   The United States asks that this Court find that it has valid and subsisting federal tax liens on these parcels, that the Trusts are sham trusts or the nominee and/or alter ego of Gerard and Kathnell O'Shea, and that an order to sell the parcels to satisfy the purported tax liens is warranted.

As relevant to this motion to dismiss, the United States amended its complaint in part to add additional information about the formation of the All About Beauty Trust.   The United States asserts that

> Defendant All About Beauty Trust is a purported trust formed by Mr. O'Shea and Mrs. O'Shea ("the O'Sheas") and operated from within the judicial district of this Court.   The trust was established for the O'Sheas by James Dilullo, who has since plead (sic) guilty to one count of corrupt interference with the internal revenue laws in relation to charges pending against him in the United States District Court for the District of Nevada, docket number 2:10cr471.   As part of his plea agreement, Mr. Dilullo agreed he had sold and promoted trusts and trust packages that fraudulently eliminated taxable income for his clients.   Mr. Dilullo established the All About Beauty Trust for the O'Sheas.   On information and belief, Mr. and Mrs. O'Shea are the trustees of the all About Beauty Trust.

(Am. Compl. ¶ 12.)   The United States incorporated Paragraph Twelve into each count of its Amended Complaint.   On December 23, 2013, the O'Sheas filed the instant motion to dismiss, asserting that the above paragraph constitutes a fraud allegation against them, and that the United States failed to meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

## II.     DISCUSSION

Rule 9(b) of the Federal Rules of Civil Procedure provides that "in allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).   The O'Sheas argue that the United States alleged fraud against them when it included in its amended complaint the admission by Mr. Dilullo, a non-party, that he sold trusts and trust packages that fraudulently eliminated taxable income, together with an allegation that Mr. Dilullo established the All About Beauty Trust.   The O'Sheas next assert that "there are simply no allegations as to how the defendants in this case 'fraudulently eliminated taxable income,' or committed any other fraudulent activity."   (Def.'s Mem. at 2.)

Before considering whether the United States' amended complaint complies with the heightened pleading requirements, it is necessary to determine whether the Rule 9(b) requirements apply.   The United States characterizes the paragraph in question as "a factual statement regarding a criminal plea by a third party" and states unequivocally that it "is not, at this point, alleging that the defendants have acted fraudulently."   (Resp. at 1–2.)   The Defendants reply that an allegation that Dilullo established trust packages that fraudulently eliminated taxable income, including one for the O'Sheas, plainly alleges that "the trust packages purported to 'fraudulently eliminate taxable income for the O'Sheas.'"   (Reply at 2.)   Further, the Defendants question the inclusion of an allegation against a non-party in a complaint against them. (*Id.* at 1–2.)

The Court reads the paragraph in question as a factual summary of Mr. Dilullo's plea agreement, included as relevant to the United States' sham trust theory with respect to the Defendants.   Though the paragraph could be interpreted, as by the O'Sheas, as implying that the O'Sheas fraudulently eliminated taxable income through the All About Beauty Trust, the United States assures both the Defendants and the Court that it is not asserting a fraud claim against the Defendants.   While the Court finds the paragraph challenged by the Defendants somewhat ambiguous, the United States' clear statement that it is not alleging fraud against the Defendants renders further inquiry unnecessary.   The United States will not be permitted to assert a fraud claim or theory against the Defendants without an amended complaint, which it may not file without leave of the Court.[4]   Though the Court denies the Defendants' motion, they do receive the protection conferred by Rule 9(b) in that they will not be required to answer a fraud allegation absent a Rule 9 compliant pleading.[5]   Because the Court finds that the United States is not

---

[4]     The Court notes that, given the procedural history of this case, the United States may have difficulty showing good cause for leave to amend absent newly discovered evidence or a similar substantive change occurring between the time the response was filed and any motion to amend.

[5]     Both parties presented arguments as to whether the requirements of Rule 9(b) were met.   The United States'

alleging fraud against the Defendants, the motion to dismiss must be denied.

### III.     CONCLUSION

WHEREFORE, for the foregoing reasons, the Court finds that the *First Amended Complaint for Federal Taxes* does not present a fraud allegation against Defendants Gerard and Kathnell O'Shea.  Consequently, the Court does hereby **ORDER** that the *Defendant O'Shea's Motion to Dismiss First Amended Complaint* (Document 61) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:          February 12, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

argument relied in part on its continued stance that "the allegation in question is not actually against the defendants… [and is] not a legal theory for recovery."  (Resp. at 3.)   Because the Court agrees that a statement of fact referencing a third party does not trigger Rule 9(b), a ruling on whether the complaint meets the standard is not necessary.