IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                     CIVIL ACTION NO.   5:12-cv-04075

GERARD O'SHEA, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Motion for Summary Judgment by Defendant Kathnell O'Shea* (Document 66), her *Memorandum in Support* (Document 67), her sealed *Declaration* and exhibits (Document 69), the *United States' Response* (Document 76), and Ms. O'Shea's *Reply Memorandum in Support* (Document 77).  Following careful consideration, for the reasons stated herein, the Court finds that the Defendant's motion must be denied.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts of this case have been set forth in detail in two previous *Opinions* (Documents 56 & 65).  The Court incorporates those facts by reference herein.  In brief, the United States filed this action on August 6, 2012, to reduce unpaid tax assessments to judgment and to foreclose federal tax liens against certain property belonging to the Defendants.  It filed an amended complaint on November 13, 2013.  (Document 60.)  In addition to Kathnell O'Shea, the United

States named as defendants Gerard O'Shea, Kim O'Shea, the All About Beauty Trust, the Genesis Trust, and the Gand K Trust.

Ms. O'Shea asserts in her motion for summary judgment that the United States failed to demonstrate that it sent the required Notices of Deficiencies. The IRS is statutorily required to mail notices of deficiency, which taxpayers may contest in tax court, prior to assessing a federal tax. Ms. O'Shea submitted a Freedom of Information Act (FOIA) request to obtain any documents related to notices of deficiency and mailing receipts. The response to her FOIA request provided certain responsive documents, but noted that the IRS document retention policy meant many records for tax years 2003 and 2004 were destroyed. (Woods FOIA Letter, Document 69.) The responsive documents include assessment paperwork, as well as a blank certified mail return receipt and a Notice of Deficiency Letter for tax year 2002 dated May 19, 2006, and addressed to Kathnell O'Shea, at her Lewisburg, West Virginia address.[1]

In its response to the motion for summary judgment, the United States provided an affidavit from Sonny Nelson, an IRS supervisor in the Technical Services unit (Document 76-1), and copies of the Certified Mailing Lists relevant to this case (Document 76-2). Mr. Nelson explains that the IRS maintains the Certified Mailing List with the mailing date, certified mail tracking number, addressee, mailing address, and tax years of Statutory Notices of Deficiency. (Nelson Aff. at ¶ 5.) The Certified Mailing List shows mailings of Notices of Deficiency, with certified mailing numbers, to Ms. O'Shea at her current address on October 5, 2006, for tax years 2003 and 2004 and on May 19, 2006, for tax year 2002. (10/5/06 & 6/19/06 Cert. Mailing List.)

---

1 Ms. O'Shea still resides at the same address used for her Notice of Deficiency, 129 W. Washington St., Lewisburg, WV 24901.

## *II.     STANDARD OF REVIEW*

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D.W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir.1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

### III. DISCUSSION

Ms. O'Shea asserts that the United States did not comply with the statutory requirement to send a notice of deficiency prior to making a tax assessment.[2] She alleges that she did not receive a notice of deficiency for tax years 2002, 2003, or 2004. She sought documents related to the mailing of any notices of deficiency for the relevant tax years via a Freedom of Information Act (FOIA) request. The IRS responded with summaries of the assessments, a blank certified mail receipt, and a copy of the 2002 notice of deficiency, addressed to Ms. O'Shea at her current address. The letter accompanying the documents responsive to the FOIA request explained that "the information [she] requested is unavailable due to the IRS destroyed (sic) the administrative files for tax years 2003 and 2004 according to Records Retention Schedules." (Woods FOIA Letter.) Ms. O'Shea argues that the IRS is required to prove it complied with the statute by

---

2 This Court previously ruled, in response to a motion to dismiss, that the United States was not required to allege the mailing of the notices of deficiency in its complaint as a jurisdictional prerequisite. The allegation that tax assessments were made in accordance with the law was sufficient.

producing certified mail return receipts for each notice of deficiency, and that its failure to produce such records in response to her FOIA request should be dispositive.

The United States responds that the statutory requirement is simply to mail notices of deficiency by certified or registered mail to the taxpayer's last known address before making an assessment. Receipt by the taxpayer is not required. It attached a copy of two Certified Mailing Lists, together with a declaration from Sonny Nelson, Technical Services Group Manager, explaining the IRS' procedures. Mr. Nelson explained that a Revenue Agent Reviewer prepares the notice of deficiency, and then a Tax Examiner confirms the address, date stamps the notice, and mails it via certified mail, confirming that it is signed or stamped received by the Postmaster. (Nelson Dec. at ¶4.) The Certified Mailing Lists indicate that notices of deficiency for tax years 2003 and 2004 were sent by certified mail to Kathnell O'Shea, at her address of 129 W. Washington Street, Lewisburg, WV 24901, on October 5, 2006. (10/5/06 Cert. Mailing List.) A separate notice of deficiency for tax year 2002 was also sent via certified mail to the same address, on May 19, 2006. (6/6/06 Cert. Mailing List.) The United States cites several cases in which courts found Certified Mailing Lists sufficient to demonstrate that notices of deficiency were mailed.

Ms. O'Shea replies that the documents produced in response to her motion should be viewed with skepticism because they were not produced in response to her FOIA request. She further argues that they should be disregarded because they were not disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure. Finally, she asserts that the Fourth Circuit has required certified mail with return receipts and that "mere records of certified mail logs" are insufficient. (Rep. at 2.)

Pursuant to 26 U.S.C. § 6212(a), the Secretary (of the IRS) is authorized to send notice of any tax deficiency "to the taxpayer by certified mail or registered mail." The Fourth Circuit has held that courts must consider whether the notice was mailed according to the statute, not whether it was received by the taxpayer. *Luhring v. Glotzbach*, 304 F.2d 556, 558 (4th Cir. 1962). After receiving a notice of deficiency, taxpayers may contest the deficiency in tax court within ninety days. If the taxpayer has not filed a petition with the tax court within ninety days, an assessment of the taxes owed may be made after an additional sixty day waiting period. *Id.*; 26 U.S.C. §§ 6213(a), (c), 6503(a)(1).

Ms. O'Shea relies heavily on *Powell v. C.I.R.*, 958 F.2d 53 (4th Cir. 1992). In that case, the Fourth Circuit found that the IRS had not exercised sufficient diligence in mailing the notice of deficiency to the taxpayers' last known address. The taxpayers had moved, and had filed a tax return with their new address prior to the mailing of the notice of deficiency. *Id.* at 54. However, the IRS had not yet updated their address on its computers, and it mailed the notice of deficiency to the taxpayers' old address. *Id.* at 56. The postmaster indicated that the post office had failed to forward the notice in accordance with the taxpayers' change of address form, but instead marked it "unclaimed" and returned it to the IRS. *Id.* at 54. The court's decision rested on the requirement that notice be mailed to the "last known address" and IRS's lack of diligence in ascertaining the taxpayers' address, where it had notice of a new address and was presumed to have received the returned noticed. *Id.* at 55–57.

In the present case, there is no dispute as to the proper mailing address. Ms. O'Shea's address has not changed since the tax years in question, and the notices of deficiency were properly addressed. Contrary to *Powell*, here the post office has given no indication that the notices were not delivered, and there is no evidence that they were returned to the IRS. *Powell* does not alter

the rule that actual notice is not required, nor does it impose a strict requirement that the IRS send notices of deficiency certified mail with return receipt requested. It indicates that failure to request a return receipt could indicate a lack of diligence with respect to ascertaining the last known address, and it requires the IRS to be aware of updated addresses on tax returns. Because the "last known address" requirement is not at issue here, *Powell* has little relevance.

Ms. O'Shea and the United States focused on the issue of whether the notices were properly mailed, rather than any issues with respect to the content or existence of the notices of deficiency. The Court finds that the Certified Mailing Lists provide adequate evidence that the IRS properly mailed notices of deficiency for tax years 2002, 2003, and 2004 to survive summary judgment. The actual notice of deficiency was produced only as to tax year 2002. The (1) assessments, (2) Certified Mailing Lists, and (3) declaration of Mr. Nelson suffice to defeat the motion for summary judgment to the extent it can be read to challenge the existence or content of the notices of deficiency for tax years 2003 and 2004. *See, e.g. United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984) (finding mailing lists "highly probative, and…sufficient, in the absence of contrary evidence, to establish that the notices and assessments were properly made."); *United States v. Ahrens*, 530 F.2d 781, 785 (8th Cir. 1976) (applying the presumption of official regularity to find that notice of deficiency was proper, absent availability of the actual letters).[3]

Though the Certified Mailing Lists were not produced pursuant to Ms. O'Shea's FOIA request, there is no indication that she sought these documents through the discovery process. The individuals gathering documents in response to a discovery request would be expected to have an adequate understanding of the case, and of discovery requirements, to produce all appropriate,

---

3 Nonetheless, routinely destroying notices of deficiency prior to actual collection of unpaid assessments reflects a short-sighted document retention policy and creates unnecessary hurdles in the process. A document retention policy that requires retention of all documents relevant to open cases reasonably anticipated to produce litigation could easily resolve many of these issues.

responsive documents.[4] Further, this Court has the ability to adjudicate disputes regarding discovery, but lacks authority over an allegedly improper response to the FOIA request. Thus, the argument, that documents not produced pursuant to the FOIA request should not be considered, is unavailing. Defendant Kathnell O'Shea's motion for summary judgment must be denied.

## *CONCLUSION*

Following careful consideration, for the reasons stated herein, the Court hereby **ORDERS** that the *Motion for Summary Judgment by Defendant Kathnell O'Shea* (Document 66) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 28, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

4 The Court notes that both parties have outstanding motions in limine regarding disclosures and allegedly inadequate discovery responses. The Court will rule on those motions during the Pretrial Conference. Though all evidence presented has been considered for purposes of this motion for summary judgment, the Court has not determined the admissibility of that evidence at trial.