# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   CIVIL ACTION NO. 5:12-cv-04075

GERARD O'SHEA, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendants Motion for Stay of Execution of Judgment Pending Appeal* (Document 128), the United States' *Opposition to Defendants' Motion for Stay of Execution of Judgment Pending Appeal* (Document 130), and the *Defendants' Reply to Opposition for Stay Pending Appeal* (Document 136). For the reasons stated herein, the Court finds that the stay should be granted.

The United States initiated this case on August 6, 2012. It sought to reduce to judgment unpaid tax assessments against Gerard O'Shea, Kathnell O'Shea, and the All About Beauty Trust for tax years 2002, 2003, and 2004. It also sought to foreclose federal tax liens against four parcels of real property in Greenbrier County, West Virginia. Following a bench trial, the Court issued an opinion and judgment order in favor of the United States on February 20, 2015. (Documents 116 & 118). On the United States' motion, the Court issued an *Amended Judgment Order* (Document 121) providing the amounts of the judgments against each Defendant and

retaining jurisdiction pending sale of the properties. The Defendants filed their notice of appeal on March 5, 2015.

The Defendants now request that the Court stay the execution of judgment pending appeal, pursuant to Rule 62(d) of the Federal Rules of Civil Procedure.[1] They assert that "the United States already has a *fully secured* position for its judgment," and so no bond is necessary. (Defs.' Mot. at 3)(emphasis in original.) The United States argues that the Defendants are not entitled to a stay pursuant to Rule 62(d) because they have not posted a supersedeas bond. Therefore, it asserts, the Defendants bear the burden of persuasion to demonstrate that a stay is appropriate under the traditional stay factors and/or that the Court should use its discretion to alter the supersedeas bond requirement. The Defendants reply that traditional stay factors are not applicable, and urge the Court to focus on the fact that the United States has secured liens against the properties in question.[2]

The Court finds that the Defendants are not entitled to a stay as a matter of right pursuant to Rule 62(d), as they have not posted a supersedeas bond. However, the Court has discretion to grant a stay without a bond if appropriate. *See, e.g.*, *Hofmann v. O'Brien*, No. CIV. WDQ-06-3447, 2009 WL 3216814, at *1 (D. Md. Sept. 28, 2009) (concluding that Rule 62(d) "leaves intact the district court's inherent discretion to stay judgments pending appeal when the appellant does not file a supersedeas bond"); *Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190 F.R.D. 190, 193 (E.D. Va. 1999) (same). The Fourth Circuit has not addressed

---

1 Rule 62(d) provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond…. The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).
2 The Defendants argue that the amount of any bond would be arbitrary because the government's main goal "is collection of money from the sale of the properties." (Def.s' Reply at 6.) The amended judgment order included judgment against each Defendant for specific dollar amounts. The proceeds from the sale of the properties will be applied to those judgments, although it is unlikely they will fully satisfy the judgments. The parties focused their briefing herein on the real property, but the amounts of the judgments against each Defendant are clear.

the standard for staying a case pending appeal on a reduced bond. However, the Court is guided by district court cases from within the Fourth Circuit. *See Se. Booksellers Ass'n v. McMaster*, 233 F.R.D. 456, 457 (D.S.C. 2006) (providing a thorough overview of case law, both within and outside the Fourth Circuit).

The factors generally considered with respect to a stay pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). The District Court for the Southern District of West Virginia previously held that the bond requirement should be waived only in "extraordinary circumstances." *Holland v. Law*, 35 F. Supp. 2d 505, 506 (S.D.W. Va. 1999) (Hallanan, S.J.). In considering stays with reduced bond requirements, district courts within the Fourth Circuit have referenced the standard adopted within the Fifth Circuit Court of Appeals, which provides: "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979); *Alexander*, 190 F.R.D at 193; *ABT, Inc. v. Juszczyk*, No. 5:09-CV-119-RLV, 2012 WL 117142, at *2 (W. D. N.C. Jan. 13, 2012).

Having considered the various factors and competing interests, the Court finds that the Defendants' motion for a stay should be granted. Frankly, the Court considers it unlikely that the Defendants will succeed on the merits of their appeal. The United States presented evidence of tax assessments against them, and the Defendants produced no evidence to challenge the accuracy

of those assessments. However, sale of the properties at stake, which include the Defendants' home and business, could not be readily reversed should the appellate court find in the Defendants' favor. Although the United States contends that delay in putting the properties on the market will harm its interests because it may miss the prime property buying seasons of spring, summer, and fall, if such "delay" constitutes prejudice, at all, it is not sufficient prejudice to deny a stay. Further, the United States has not prosecuted this matter, involving tax assessments from more than a decade ago, with any display of urgency to this point, reducing the force of any argument regarding the cost of delay. The public has an interest in both timely enforcement of judgments and in preservation of rights pending final resolution of litigation.

The United States' interests in this case, at least with respect to the real property, are largely protected by liens. The Defendants cannot dispose of the real property. Thus, there is little risk that a stay would interfere with the United States' ability to collect should the Court's judgment be affirmed on appeal. A stay would preserve the status quo without diminishing the United States' rights pending appeal. Therefore, having considered the relevant factors and the facts specific to this case, the Court finds that a stay of the judgment should be granted.

WHEREFORE, following careful consideration, the Court **ORDERS** that the *Defendants Motion for Stay of Execution of Judgment Pending Appeal* (Document 128) be **GRANTED**. The Court's *Amended Judgment Order* (Document 121) shall be **STAYED** pending appeal.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:    April 21, 2015

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA